IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:10-cr-00112

SYLVESTER CUEVAS,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Pro Se *Motion to Withdraw Entry of Guilty Plea* (Document 48) together with the file in the above-styled matter.

I.  Procedural History

Defendant, Sylvester Cuevas, was charged in a two-count indictment filed on July 21, 2010 (Document 1). Count One of the indictment charged the Defendant with assault of a federal employee, and Count Two charged the Defendant with robbery of personal property belonging to the United States.  On September 20, 2010, Magistrate Judge VanDervort entered an order granting Defendant's request to undergo a psychiatric and psychological evaluation to determine whether he suffered from a mental disease or defect at the time he allegedly committed the offenses charged in the indictment and whether he was currently suffering from a mental disease which rendered him unable to understand the nature and consequences of the charges and proceedings against him and

to assist in his defense. (See Document 20). Defendant underwent evaluation at FMC Devens in Devens, Massachusetts between October 5, 2010, and December 22, 2010.

After consideration of the evaluation, Defendant was found to be competent at his March 17, 2011, plea hearing. Defendant waived his right to be charged by indictment and consented to the filing of a two-count information. Count One of the information charged the Defendant with assault resulting in serious bodily injury within the special maritime and territorial jurisdiction of the United States and Count Two charged him with assault of a person assisting a federal employee. (See Document 36). Defendant entered a plea of guilty to both counts of the information. (Tr. Def.'s Plea Hr'g, Mar. 17, 2011).

On April 14, 2011, Defendant's counsel at the plea hearing, Deirdre Purdy, filed a Motion to Withdraw as Counsel (Document 46). On April 18, 2011, Magistrate Judge VanDervort entered an order granting said motion. (See Document 47). On May 11, 2011, Defendant filed this motion to withdraw his guilty plea.

## II. Applicable Law

Rule 11(d)2(B) of the Federal Rules of Criminal Procedure provides that a court may permit the withdrawal of a guilty plea before sentencing upon a showing by the defendant of a " fair and just reason." If the guilty plea hearing was conducted properly, there is a strong presumption that the plea is binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992), *cert. denied*, 115 S. Ct. 672 (1994).

2

Courts often consider six factors in determining whether to permit a defendant to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.), *cert. denied*, 502 U.S. 857 (1991). Those factors include:

(1) Whether the defendant has offered credible evidence that the plea was not knowing or not voluntary;
(2) Whether the defendant has credibly asserted legal innocence;
(3) Whether there has been a delay between the entry of the plea and the filing of the motion;
(4) Whether the defendant has had close assistance of competent counsel;
(5) Whether withdrawal will cause prejudice to the Government; and
(6) Whether it will inconvenience the court and waste judicial resources.

*Id.*

A defendant can demonstrate the absence of close assistance of counsel for purposes of the *Moore* test only by showing that "[his or] her 'counsel's performance fell below an objective standard of reasonableness.'" *United States v. Sparks*, 67 F.3d 1145, 1153 (4th Cir. 1995) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc), *cert. denied*, 115 S. Ct. 672 (1994)). A defendant challenging a conviction after a guilty plea must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Strickland v. Washington*, 466 U.S. 668 (1984). *See Also Fields v. Attorney General of the State of Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992).

III. Defendant's Motion and Analysis

Defendant now moves this Court to withdraw his guilty plea on the following grounds: Defendant's counsel, Deirdre Purdy, failed to represent his best interest during plea negations, Defendant informed his counsel that he would not plead guilty if the agreement denied him the right

3

to appeal and right to file a Freedom of Information Act request ("FOIA") and Defendant claims his counsel would not object to the psychological report. Defendant's claim is, in effect, an ineffective assistance of counsel claim.

First, Defendant asserts his counsel did not represent his best interests when she obtained the plea agreement. After Assistant United States Attorney John File summarized the entire plea agreement, Defendant answered the following questions:

> THE COURT: Mr. Cuevas, do you understand what this agreement does?
> THE DEFENDANT: Yes, I do, Your Honor.
> THE COURT: And do you understand what this requires of you?
> THE DEFENDANT: Yes, I do.
> THE COURT: Do you have any questions whatsoever about the plea agreement?
> THE DEFENDANT: None whatsoever, Your Honor.
> THE COURT: Were each of the paragraphs of this agreement discussed with you and explained to you prior to your reaching an agreement with the Government?
> THE DEFENDANT: Yes, Your Honor.

(Tr. Def's Plea Hr'g 23:13-25). Defendant further agreed that he had initialed every page. (Tr. Def's Plea Hr'g 24:1-3). When asked if he wanted the Court to accept the plea agreement, the Defendant responded "[y]es, I do. Your Honor." (Tr. Def's Plea Hr'g 24: 18-20). Ultimately, the Court deferred acceptance of the plea agreement until after the Court had an opportunity to review the pre-sentence investigation report.

The Court finds Defendant's claim that his counsel did not represent his best interests with respect to the plea agreement to be without merit. Throughout the proceedings, the Defendant has had the benefit of "close assistance of competent counsel." Thus, factor four of the *Moore* test weighs heavily against Defendant. Accordingly, Defendant proffers no "fair and just" reason to withdraw his guilty plea.

Secondly, Defendant claims that he would not have pled guilty if the agreement denied him the right to appeal or right to file a FOIA. In Mr. File's summary of the agreement, he explained, "parties retain the right to appeal the Court's determination of the [sentencing] guideline range if an objection is properly preserved." (Tr. Def's Plea Hr'g 19: 8-10). Mr. File further explained that Defendant waived his "right to challenge his guilty plea and his convictions resulting from this plea agreement." (Tr. Def's Plea Hr'g 19: 21-22). Additionally, Mr. File explained that Defendant "waive[d] all rights, whether asserted directly or by a representative, to request or receive from any department or agency any records pertaining to the investigation or prosecution of this case following final disposition." (Tr. Def's Plea Hr'g 20: 2-6). Immediately following Mr. File's explanation, Ms. Purdy and Defendant confirmed the accuracy of Mr. File's summation of the agreement.

At no point did Defendant or Ms. Purdy suggest there was any lack of understanding of any of the terms of the agreement. Although, the Court deferred acceptance of the plea agreement until after the Court had an opportunity to review the pre-sentence investigation report, Defendant clearly understood the terms of the agreement and never indicated that he would not plead guilty if he were unable to appeal or file a FOIA request. In fact, when Defendant was asked whether he had discussed the impact his guilty plea would have on his appellate rights, Defendant answered, "Yes, Your Honor. Yes, fully, Your Honor." (Tr. Def's Plea Hr'g 19: 17-20). Defendant, likewise understood the waiver of his rights to obtain information from any agency or department of the United States under FOIA. (Tr. Def's Plea Hr'g 20: 2-6).

The Court finds Defendant's claim that he would not plead guilty if the agreement denied him the right to appeal or right to file a FOIA request to be without merit. His guilty plea was

undoubtedly knowing and voluntary. Accordingly, Defendant proffers no "fair and just" reason for this Court to grant his motion to withdraw his guilty plea.

Finally, Defendant asserts his counsel's failure to object to his psychological and psychiatric evaluation with respect to the effect it may have on his sentencing. Ms. Purdy, in fact, attempted to make "corrections" that concerned her client. However, as this Court noted at the time, regardless if Defendant's corrections were accepted, it " would have no impact on the ultimate conclusion. . . [that he was] competent to proceed with this matter." (Tr. Def's Plea Hr'g 13: 19-23). Defendant will have an opportunity to object to the forthcoming pre-sentence investigation report and file a sentencing memorandum, which can address any "inconsistencies" he believes will affect his sentence.

The Court finds Defendant's claim that his counsel's failure to object to his psychological and psychiatric evaluation with respect to the effect it may have on his sentencing to be without merit. Again, Defendant proffers no "fair and just" reason to withdraw his guilty plea.

## CONCLUSION

The Court finds that Defendant has failed to show that his counsel's representation fell below an objective standard of reasonableness prior to her withdrawal as his counsel on April 14, 2011. Further, the Court finds that given Defendant's statements during the plea hearing, he clearly understood his rights, the waiver of those rights and the effect of entering a plea of guilty. Accordingly, Defendant's general claim that he had ineffective assistance of counsel does not meet the *Strickland* standard.

Accordingly, in light of Defendant's failure to proffer "fair and just" reason to withdraw his guilty plea, the Court does hereby **ORDER** that Defendant's Pro Se *Motion to Withdraw Entry of Guilty Plea* (Document 48) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: August 29, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA